# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In Re The<br>Personal Restraint Petition of:<br><br><br>THOMAS WILLIAM SINCLAIR RICHEY,<br><br><br><br>Petitioner. | No. 56813-6-II<br><br><br>ORDER GRANTING MOTION FOR<br>CORRECTION OF OPINION AND<br>AMENDING OPINION |

Petitioner Thomas Richey filed a motion seeking a correction of the court's unpublished opinion in this case filed on March 21, 2023. After consideration, the court grants the motion. The court's opinion is hereby amended as follows:

On page 2, footnote 1 is deleted.

IT IS SO ORDERED.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
CHE, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In Re The<br>Personal Restraint Petition of:<br><br><br>THOMAS WILLIAM SINCLAIR RICHEY,<br><br><br>Petitioner. | No. 56813-6-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. – In this personal restraint petition (PRP), Thomas Richey, an inmate in the custody of the Department of Corrections (DOC), seeks relief from personal restraint following a prison disciplinary hearing in which Richey was found guilty of an infraction of aiding and abetting another offender to commit a violation of DOC regulations. The infraction arose out of a situation in which Richey agreed to mail a greeting card for another offender, and the greeting card was found to contain a hidden note discussing a plan to introduce a drug into the correctional facility.

Richey argues that the evidence was insufficient to support the hearing officer's guilty finding. Specifically, he asserts that there was no evidence that he had any knowledge of the hidden note or the other offender's intentions and therefore there was no evidence that he aided and abetted the offender.

We conclude that no evidence supported the finding that Richey aided and abetted the violation of a DOC regulation. Accordingly, we grant Richey's PRP and remand to DOC to vacate the infraction and for any further appropriate action.[1]

FACTS

On January 25, 2022, staff at the Airway Heights Corrections Center (AHCC) found a suspicious envelope in the outgoing mail sent from Richey and addressed to Nichole Trichler. The envelope contained a greeting card that appeared to be bulkier than a normal greeting card. The staff discovered that the greeting card contained a note hidden behind a glued-in piece of paper. This note described a plan for importing greeting cards saturated with a drug known as "spice" into the AHCC to sell. There is nothing in the record regarding whether the note or the greeting card was signed.

AHCC staff issued an initial serious violation[2] report alleging that Richey had violated WAC 137-25-030(603) by conspiring with Trichler to introduce or transfer an unauthorized drug into the facility. A disciplinary hearing was scheduled before a hearing officer.

At the disciplinary hearing, DOC's evidence consisted of the reporting staff member's written statement. The staff member's statement set forth the background facts stated above. The statement added a conclusory assertion that Richey committed a violation by conspiring with Trichler to introduce spice-soaked cards into the AHCC. The staff member's statement did not state that anything in the card or the note identified Richey as the note's writer.

---

[1] We also deny Richey's motion for appointment of counsel.

[2] A "violation" is "[t]he act of failing to comply with a rule enumerated in" chapter 137-25 of the Washington Administrative Code (WAC). WAC 137-25-020(15).

Richey introduced handwritten witness statements from fellow inmates Charles Jones and Marlowe Airhart-Bryon. Jones stated:

> I didn't have money on my postage account. I secreted a note inside a card and offered inmates four envelopes to send out my card. Inmate Richey took me up on my offer and I paid him four envelopes. He didn't know what was in the card. I have nothing more to say on this matter.

Resp., Ex. 1, Attach. I at 2.

Airhart-Bryon stated:

> Inmate C. Jones asked Richey to send a card out because he did not have money on his postage account[.] [H]e offered to pay Richey 4 envelopes to send the card out[.]

Resp., Ex. 1, Attach. H at 2.

Richey testified at the hearing. His testimony is not in the record, but the hearing officer summarized Richey's testimony as follows: "He was offering me 4 envelopes & 4 envelopes are $1.50 a piece [sic]. The card he showed me didn't seem to be that padded." Resp., Ex. 1, Attach. F at 1. The hearing officer also stated that Richey had "admit[ted] that he sent the card out for another offender." Resp., Ex. 1, Attach. F at 1.[3]

The hearing officer found Richey guilty of aiding and abetting another offender to commit the violation. The hearing officer further stated that aiding and abetting was "considered the same as committing the violation." Resp., Ex. 1, Attach. F at 1. The hearing officer sanctioned Richey with the loss of 75 days of good conduct time credit and with the loss of various privileges.

---

[3] Along with his PRP, Richey submitted a declaration drafted after the disciplinary hearing stating his version of the incident. However, we cannot consider this declaration because it was not part of the record before the hearing officer.

4

Richey appealed the hearing officer's decision. The DOC assistant superintendent affirmed the hearing officer's decision, stating,

> On behalf of the Superintendent, I have investigated your appeal and find that: You were paid in envelopes to send out a card that contained instructions and a plan to introduce spice papers and cards into a correctional facility. This was aiding another in an attempt to commit a WAC 603 [violation]. The evidence is that you sent this card out. Your witness statements confirm that you received a payment in the form of the pre-paid envelopes.

Resp., Ex. 1, Attach. J at 1.

Richey's PRP challenges the hearings officer's guilty finding.

ANALYSIS

A.      LEGAL PRINCIPLES

To prevail on a PRP, a petitioner who lacked an earlier opportunity for judicial review need only establish that he currently is under restraint and that the restraint is unlawful. RAP 16.4(b), (c); *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 214, 227 P.3d 285 (2010). Because Richey is incarcerated, he is under restraint for purposes of RAP 16.4. *In re Pers. Restraint of Stuhr*, 186 Wn.2d 49, 52, 375 P.3d 1031 (2016).

"[A] 'serious' infraction that results in a loss of earned early release credit implicates a liberty interest subject to minimum due process protections." *Kozol v. Dep't of Corr.*, 185 Wn.2d 405, 410, 379 P.3d 72 (2016). A restraint related to a prison disciplinary decision is lawful as long as there is "at least some evidence" to support the decision. *Grantham*, 168 Wn.2d at 216. "In order to satisfy the 'some or any evidence' test . . . there essentially must be some reasonable connection between the evidence and the inmate in order to support" the infraction. *In re Pers. Restraint of Anderson*, 112 Wn.2d 546, 549, 772 P.2d 510 (1989).

B.        EXISTENCE OF "SOME EVIDENCE"

Richey argues that the evidence of the infraction was insufficient because there was no evidence that he knew that the card he mailed contained an illicit note to Trichler.  We agree.

Under DOC regulations, "[i]ntroducing or transferring any unauthorized drug or drug paraphernalia" into the facility is a serious violation.  WAC 137-25-030(603).  "Attempting or conspiring to commit [a serious violation], or aiding and abetting another to commit [a serious violation], shall be considered the same as committing the violation."  WAC 137-25-030(1).

A person aids and abets another if the person in some way "associates himself with the undertaking, participates in it as in something he desires to bring about, and seeks by his action to make it succeed."  *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 593, 512 P.2d 1049 (1973).  DOC concedes that in order to find Richey guilty of aiding or abetting another in the commission of the 603 violation, it had to present some evidence that Richey had "actual knowledge of the intended violation and share[d] the intent of the other person to commit the violation."  Resp. at 13.

The staff statement provided evidence that Richey sent the card in an envelope addressed to Trichler and that the card was noticeably "bulkier than a normal greeting card."  Resp., Ex. 1, Attach. A at 1.  The fact the card was sent from Richey to Trichler is clearly some evidence that Richey was the person who sent the card, which is an issue that is not in dispute.  But DOC presented no evidence that Richey knew about the hidden note inside the card.  The only evidence was the explanation from Jones, Airhart-Bryon, and Richey himself about how Richey came to send the card.  And the hearing officer found that Richey was sending the card for another offender.  We conclude that merely sending the card for someone else is not some evidence that Richey knew about the note or what was in the note.

6

DOC suggests that there was some evidence that Richey actually authored the note in the greeting card. But DOC presented no such evidence. The undisputed evidence was that Jones authored the note, and that Richey merely agreed to mail the card in exchange for $6.00 worth of envelopes. We conclude that there was no evidence that Richey authored the note.

DOC points out that Richey's statement that the card did not seem padded showed that he examined the card before he mailed it. DOC argues that this fact is evidence that Richey knew about the note. But even if there was evidence that Richey knew that the card might have been thicker than a normal card and even if Richey knew there was a note in the card, that evidence does not show that Richey actually was aware of the contents of the note or of Jones's intent to introduce drugs into the AHCC. We conclude that there is no evidence that Richey knew the content of the note in the card.

We conclude that there was no evidence that Richey had actual knowledge of the note or that he shared an intent with Jones to introduce drugs into the AHCC. Therefore, there is no evidence that Richey aided and abetted Jones's violation of DOC regulations. Accordingly, we hold that Richey's infraction was not supported by any evidence and that Richey is entitled to relief.

## CONCLUSION

We grant Richey's PRP and remand to DOC to vacate the infraction and for any further appropriate action.

7

No. 56813-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, J.

CHE, J.

8